IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE, JANE DOE as parent and guardian of JULIE DOE<br><br>Plaintiffs<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY a/k/a AETNA HEALTH INCORPORATED<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION<br>)<br>)  FILE NO._____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

## I. JURISDICTION AND PARTIES

1.

This suit is brought and jurisdiction lies under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1001, et seq.

2.

Jurisdiction and venue are proper pursuant to 29 U.S.C. § 1132.

3.

Plaintiff, JOHN DOE, JANE DOE as parent and guardian of JULIE DOE, are citizens of the United States and of the State of Georgia.

4.

Defendant Aetna Life Insurance Company (hereinafter "Defendant") is a domestic corporation doing business for profit in Georgia and is the claims administrator of the plan at issue in this Complaint. Aetna Life Insurance Company may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent, CT Corporation, 1201 Peachtree Street, N.E., Atlanta, GA 30361.

## II. STATEMENT OF FACTS

5.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 4 stated above.

6.

Plaintiff, JOHN DOE is an employee of Medical Management Associates, Inc. and married to JANE DOE who is the parent and guardian of the minor Plaintiff, JULIE DOE who is a member under Medical Management Associates, Inc.'s health plan.

7.

Defendant ultimately funds the benefits under the plan under the health insurance plan under which Plaintiff JULIE DOE is covered.

2

8.

At all times material to this action, Plaintiff JULIE DOE was covered under the health insurance plan with the ID number of W219328635 and the Group number of 597489-14-00000.

9.

This case involves coverage of residential care at Solstice East.

10.

Plaintiff JULIE DOE's doctors determined that it was necessary that she receive residential care.

11.

Plaintiff JULIE DOE suffers from severe mental, emotional and behavioral problems.

12.

On March 28, 2016, Defendant denied care stating that the services did not meet the clinical criteria or necessity.

13.

On May 25, 2016, Plaintiffs appealed this denial noting that several things were factually wrong including the fact that JULIE DOE was not discharged on January 21, 2016 and proving that she clearly met the criteria for admission coverage.

14.

Plaintiffs submitted multiple letters of support from her former and current treating providers as well as medical records demonstrating that JULIE DOE met the criteria for coverage and that her residential treatments were medically necessary and appropriate.

15.

On June 30, 2016, Defendant issued its final denial stating that again JULIE DOE's medical problems did not meet the criteria for treatment at a mental health residential level of care as of August 7, 2015 and that these benefits were excluded as non-medically necessary services.

16.

Administrative remedies have been exhausted.

### III. CLAIM FOR RELIEF

### COUNT ONE

### ENTITLEMENT TO HEALTH INSURANCE BENEFITS

17.

Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 16 stated above.

18.

Plaintiffs are entitled to health insurance benefits under Defendant's policy for the following reasons:

    a.    These benefits are permitted under the policy;

    b.    Plaintiffs have satisfied all conditions for eligibility for receipt of these benefits;

    c.    Plaintiffs have not waived or otherwise relinquished their entitlement to these benefits.

19.

Defendant has refused to cover health insurance claims despite substantial medical documentation from the member's treating physicians regarding her mental, emotional and behavioral status. As a result of Defendant's failure to pay benefits to Plaintiffs, they are entitled to relief as outlined below.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiffs request judgment of this court against Defendant as follows:

(1) Find and hold Defendant owes Plaintiffs health insurance benefits from August 7, 2015 and continuing, plus interest;

(2) Award Plaintiffs' attorney's fees, including litigation expenses, and the costs of this action; and

(3) Grant other and further relief as may be just and proper.

This 31st day of March, 2017.

*s/Heather K. Karrh*
Heather K. Karrh
Georgia Bar No. 408379

ROGERS, HOFRICHTER &
   KARRH LLC
225 S. Glynn Street, Suite A
Fayetteville, GA 30214
(770) 460-1118